Good morning. May it please the Court, I'm Brad Phillips on behalf of Appellants. Good morning. And just for the record, this is Doe v. Regents of the University, our last case on the calendar today, and for the week. Thank you, Your Honor. Plaintiff's writ of mandate claim is barred by the 11th Amendment for two reasons. First, the only defendant is the university, which may not be sued in federal court absent consent or congressional abrogation, neither of which appear here. The district court's interpretation of that claim as being against unnamed and unidentified university officials is contrary to decades of precedent and would completely undo the rule that a state agency may not be sued in federal court and render the Ex Parte Young Doctrine superfluous, because a court could in every instance interpret the claim as being against unidentified. I'm sure you know we have one case that seems to go against that, right, the Association of L.A. County Sheriffs case. It seems to say in certain cases, you know, we can ignore some of those limitations, doesn't it? Your Honor, I'm not familiar with that case. I don't think that to the extent it suggests that you can ignore the 11th Amendment right of a university or another state agency not to be sued in federal court by interpreting the claim as one against a state official. Instead, I don't believe that that is the rule in this circuit or elsewhere. It's certainly not what the United States Supreme Court has said. And again, if that were the rule, there would be no reason for the Ex Parte Young Doctrine, which allows you to sue an individual state official with responsibility for injunctive relief in federal court. The claim is also barred, however, because it comprises state law causes of action, which under the Supreme Court's decision in Pennhurst may not be brought against the university in federal court. That claim, the writ claim, was filed precisely because the District Court had ruled the plaintiff had to pursue his state law claims first by way of a writ proceeding. If the claim, if it comprises state law claims, it's barred by Pennhurst. If it comprises- Did the District Court say at one point, I know there were two or three amendments to the complaint, but District Court said at one point that sort of advised the plaintiff they should exhaust that writ remedy, the 1094.5? The court did not, I do not believe, ever say that they needed to go to state court with a 1094.5 writ proceeding. The court did say that they need to bring a writ of mandate claim before they could bring their state law, other state law claims, because that was the exclusive remedy under state law. If the claim comprises state law claims, which we submit it clearly does. No one suggested it comprises anything other than state law claims until we raised the 11th Amendment argument that it was barred because it comprised state law claims. If it instead comprises federal law claims, then it's even more clear that plaintiff has failed to exhaust his state judicial remedies, his state remedies, and surely it cannot be the case that the exhaustion requirement for a Section 1983 claim in federal court is merely that a plaintiff file in the federal court a state law writ of mandate claim that simply duplicates the federal claims. I mean, that's essentially what the District Court is saying here, is that you can exhaust your state remedies on a 1983 claim by bringing the 1983 claim as a writ of mandate claim under 1094.5, which essentially just abolishes the exhaustion argument. The plaintiff's 1983 claim is itself barred by his failure to exhaust his state judicial remedies, which is required where the underlying state proceeding is coercive rather than remedial. In that circumstance, the plaintiff has to exhaust his state judicial remedies before he can bring a 1983 claim in federal court, and he has not done that. In addition, both the 1983 claim and the Title IX claim, for which there's no exhaustion argument, but both the 1983 claim and the Title IX claim are barred by the preclusive effect of the university's administrative decision. This Court has repeatedly held that a plaintiff may not avoid the preclusive effect of such a decision by simply electing to bypass state court and go directly to federal court. And that is precisely what the plaintiff has done here, chose not to go to state court where he was entitled to review on a writ of mandate proceeding in state court and go directly to federal court. And this Court has repeatedly said that a plaintiff may not avoid the preclusive effect of the administrative decision by doing precisely that. I don't remember at exactly what point, but at some point the plaintiffs make the argument that you've waived, you meaning the regent, have waived your 11th Amendment immunity argument, right? They do make that argument, Your Honor. They make the argument based upon a partial quotation from a December, an early hearing in the case at which counsel for the university was asked about, you know, not having asserted the 11th Amendment. And counsel responded in the unquoted portion of the response, we have not asserted that yet. And they went on and explained why that was the case. And, of course, that's totally consistent with our argument here. You don't have to assert the 11th Amendment in a Rule 12 motion. Our argument then was that the case should be thrown out for other reasons because they hadn't exhausted remedies and so on. And we made that argument. We asserted the 11th Amendment, you know, as soon as the Court held that there was any viable claim potentially in the case. So it's clearly not a waiver, Your Honor. So your argument is that, at best, any kind of, let's say, implicit waiver was either conditional or anticipatory, but it was not unequivocal. It was certainly not unequivocal. And there is no such thing, I think, Your Honor, as an implicit waiver of the 11th Amendment. The law is pretty clear that there has to be an unequivocally expressed waiver. And it's a very stringent requirement. And we have raised it now in a motion to dismiss. We also raised it in our answer, which we filed. And that is absolutely clear that the 11th Amendment argument is, therefore, not waived. Finally, Your Honor, we would submit that the district court erred by not abstaining under Younger v. Harris. The majority rule, which is explained at length in our briefs, that a state proceeding is ongoing. By the way, I have some question on whether or not the Younger issue is properly before us. There is not, I'm sure as you know, a per se right to interlocutory appeal of the Younger order. But I don't see it as intertwined with the immunity issue as much as your other arguments. Your Honor, as you know, dependent appellate jurisdiction is appropriate if the issues are inextricably intertwined or if resolution of the interlocutory issue were necessarily resolved. The pendant issue, and here, Your Honor, the district court denied our Younger abstention argument because the judge said plaintiffs had brought the writ proceeding in federal court and that was the premise of the district court's denial of our Younger abstention argument. Is there an ongoing state proceeding that would trigger Younger abstention? Yes, Your Honor. As a legal proposition. As a legal fiction, perhaps. Yes, yes. Precisely, Your Honor. I don't dispute that. There is no proceeding at the moment in state court. Right. But the majority rule that we submit is totally consistent with the rationale for Younger abstention. Is there any case law that you've identified for us or can identify that applies to the Younger abstention doctrine in this context of a fictional or hypothetical state proceeding that has not yet occurred? Yes, Your Honor. I think the first, third, fourth, seventh, and eighth circuit decisions that we have involved a situation where the plaintiff could have but didn't pursue a state judicial remedy, went straight to federal court, and the courts held that even though they had not pursued that remedy, it was available and therefore it was ongoing. Yes, a legal fiction, I grant you. But nevertheless, and the third circuit most eloquently, I think, explained that that's because comedy requires that the state court be given the opportunity to first interpret state law and thereby potentially avoid any federal questions. And secondly, is entitled to the first shot at interpreting federal constitutional law to decide whether the state should change its proceedings. And the Ninth Circuit, though, hasn't addressed that issue one way or the other. The Ninth Circuit has only noted that the majority rule is what the majority rule is. Is the 1094.5 proceeding still available to the plaintiff? Your Honor, there is case law, which we cite in a footnote in our opening brief, that the statute of limitations on a 1094.5 proceeding is four years, which means that the statute has not run, would not have run, on such a proceeding in state court at this time. Your Honor, we would submit that even if the statute had run, that the failure to pursue it in a timely manner would still mean that the claim was barred and the younger abstention was appropriate. Now, counsel, if we exercise the pendent appellate jurisdiction over the judicial exhaustion argument and the analyzed preclusive effect, that would take care of the whole case, right? We don't need to reach the younger abstention issue? Or do we still need to reach the younger abstention issue on some of the claims in this case? If you conclude that the failure to exhaust bars the Section 1983 claim and that the preclusive effect of the administrative decision bars the Title IX claim, then there would be no, and that the writ of mandate claim is barred by the Eleventh Amendment, there would be nothing left from which to abstain. Your Honor, that's correct. And if the Court has no further questions, I'd like to reserve the remainder of my time. All right. Thank you. Good morning. May it please the Court. My name is Kimberly Lau on behalf of Appellee John Doe. Your Honors, three years of litigation and five motions, and now we are here on this appeal about whether, not whether, but where John Doe's claims must be heard, specifically this writ. And to be clear, Doe should have his day in court, and that is not in dispute, especially on the writ. However, if you entertain the Regents' arguments, some stale, some completely baseless, one voluntarily dropped, you will condone the Regents' dilatory tactics and interrupt the discovery that was going through completion in spite of the Regents' behavior. Judicial economy will be subverted. John Doe first filed his first complaint in April 2015. Among other things, the Regents raised an exhaustion and preclusion argument. The district court did not agree. During oral argument, the Regents' first motion to dismiss, counsel for the Regents did state, and this was discussed by my adversary, Your Honor, because we have a right to also waive 11th Amendment immunity and proceed in federal court. Basically, Judge Wilson had handed on a silver platter the opportunity to assert the 11th Amendment immunity defense, and that was declined. Now ---- Well, it says the Regents' counsel actually said, we have yet to assert it. That doesn't sound like a waiver. But, Your Honor ---- The standard is pretty high to find waiver in the 11th Amendment. It can also be made on a forfeiture or taking too long to assert it, so forfeiting your right to assert it. And instead, acting, a waiver by actions, acting and asking the court to not to hear the 11th Amendment immunity, but to hear the other grounds. Is there some case law you can cite that, you know, like a deadline for asserting 11th Amendment immunity? No, Your Honor. There's no specific deadline. It's really a case-specific, fact-specific now. What about for implicit waiver or waiver by action or anything like that? Any cases gone there? Your Honor, the closest is Clean Well, but in Clean Well, you know, there they didn't assert it until appeal. Did you ask the district court below to set a deadline for the Regents to make that decision? No, Your Honor. But even still, they don't win on 11th Amendment immunity. And the reason is because ---- What does that mean? You think if we get to the merits, it doesn't apply in this case? No, Your Honor, because the writ claim is not a state law claim. And my colleagues ---- It's not? That is correct. You mean the 1094.5 CCP claim is not a state law claim? The procedural mechanism, Your Honor, that arises under state law, and in fact, in that very same oral argument, that is exactly how it was raised. Well, but it is a claim, isn't it? I mean, you know, you're making a petition for a writ of mandate. Aren't you making a claim? Your Honor, federal courts have considered California writs before. This has happened in AT&T Wireless v. City of Carlsbad, K v. City of Rancho, Jensen v. City of Sonoma. And they all involved 1094.5 petitions for writs of mandate? Your Honor, if I may, my colleague Scott McCloud will actually address specifically this part of the argument about writs. Oh, that's fine. That's good. Are you done? Is that how you're splitting your time? Are you done now? I can move on to other parts of the argument and defer that part of the argument to my colleague. All right. Well, we'll save the writ and 11th Amendment questions for your co-counsel. But let's go to the failure to exhaust and preclusion issue then. Sure, Your Honor. Now, they claim, the regents claim, that John Doe failed to exhaust his remedies in state court through this writ process, that he should have gone forward and actually filed the writ in state court. That is not true. Not only, but before we begin, they have actually waived this argument. This argument was squarely addressed by the court back in December of 2015. He squarely addressed this issue, and he found, and they did not appeal this issue at all. The only notice of appeal issues are the June 8, 2017 order and the July 26, 2017 order. Nowhere do they actually address or appeal the December 14, 2015 order. Not in this record. There's actually no jurisdiction to hear the exhaustion. Well, let's assume it's not waived. How is this not precluded? Because, Your Honor, there is no exhaustion requirement that's stated in either statutes, the Title IX or the 1983. You have to look at the statute itself. And even if you fail to exhaust, you're only precluded if you can meet the requirements of Utah construction. In that case, they set forth that you must show that the hearing at issue, that the agency acted outside of the judicial capacity, that the agency resolved disputed facts, and that the parties had an adequate opportunity to litigate. This issue has squarely been addressed by the district court below. They advised that because the hearing, the very hearing at issue at the student discipline hearing at UCSB, failed to provide adequate opportunities for John Doe to be heard on his defense of a very serious allegation of sexual misconduct, that for that reason, that he cannot possibly meet the requirements of Utah construction. And so, Your Honors, the court is not precluded, the federal court is not precluded from hearing this case and hearing the writ here. Now I also want to address, Your Honors, the regents have argued that there are majority of circuits. When we look at the question of whether there was a full and fair opportunity to litigate in the state proceeding, don't we also look at the fact that there was a process that he could follow in order to appeal that and he didn't avail himself of that process? Doesn't that take care of the full and fair opportunity to address all of the allegations? No, Your Honor, and this is why. Because the student discipline process began and ended with the last appeal at the school. The writ 1094.5 is a writ of general application. It actually doesn't state anything at all about hearing student discipline cases. Now every case that was cited from the majority, the quote unquote majority of circuits... I know, but 1094.5 has been interpreted, hasn't it, by the state courts to apply to virtually every adjudicatory type of administrative determination in the state of California. Right? Yes, Your Honor. That's a case law. Specifically, it applies to University of California as well as it does to the state, to counties, to cities, to independent agencies, right? Well, why do you say it's not a remedy? It applies to the student discipline. What I'm saying is, more specifically, is that it is a remedy, but it's merely permissive. It's not compulsory, and in fact... Well, it doesn't matter, though, because we're talking about whether there was a full and fair opportunity to litigate for preclusive effect to come into play. And the fact that there was this procedural mechanism that he could have availed himself of during which time he could have raised whatever challenges he had to the fairness or unfairness of the student discipline procedure, doesn't that take care of a full and fair opportunity to address his claims? No, because that would mean that you would have to look at the 1094.5 writ together with the student discipline process as one unitary process, and that's not what these cases say. When you look at every case, and now I believe we're also looking at some of the abstention cases that my adversary has advised you about, if you take a deeper dive and take a look at each of those cases in the quote-unquote majority district or majority circuits, they each outline a state law that requires that state must review that specific situation or scenario, whether it be parking tickets, whether it be horse racing. Those were all Medicaid benefits. Those were all required by state statute to be brought in state court. They were specifically named in the 1094.5 writ. It does not say that all student discipline matters must be heard. In fact, it says it may be heard. And what you can find is that there are other statutes in the, or rather, other authority in the other circuits, the fifth, the second, and the sixth, that actually these, you can choose, you can make a choice. It's a choice. You don't have to go to the 1094 writ process in state court. You can actually go and avail yourself of federal court remedies. And here, if you look at the nature of the actual grievances. If that's the case, why did you plead a 1094.5 claim? Because the judge required us to. He told us. He directed us to. He said it's required? He just directed us to. Well, you just said it's not required. No, what I said was that we were not required to be in state court. You said it's permissive. We were not required in state court. Right. So there was no requirement to be in state court on this writ. But if it's in federal court, it's required? We were following the judge's order on that. You mean, Judge Wilson told you, you better file a 1094.5 claim too when you amend your complaint? Did he say that? He actually said to file the petition for writ, yes. In his court? In his December order, in his December 2015 order. December 2015, all right. Point you to the record reference. All right. Well, you're down to a little less than four and a half minutes. Perhaps co-counsel can address the 11th Amendment issues unless you have any questions? No. All right. Thank you. Thank you. Scott McCloud for Plaintiff and Appellee. I'd like to address two issues. One is whether the 1094.5 process is a state law claim, and two, the issue of whether or not Judge Wilson was correct to interpret the pleading to apply to state officials rather than to the regions itself. I think no one disputes that under Ex Parte Young, where a plaintiff alleges violations of federal law and seeks prospective relief, a federal court may entertain that request for relief without violating the 11th Amendment. And that's what the 1094.5 petition has done. Yes, it is a state law code of civil procedure. But what Judge Wilson did is he looked at the pleading as a whole, as he should, and found that the substance of the claims are violations of federal due process and violations of Title IX. That is, while 1094.5 is the vehicle, is the process that surrounds it, the substance is federal. And I think Talair, cited by Appellee. Well, how can it be federal? Hasn't California established its own substantive law about what constitutes a fair hearing? And wouldn't we have to engage in that? If I look at the allegations and the complaint and the challenge that you're raising is that UCSB failed to grant him a fair hearing, committed prejudicial abuse of discretion, acted contrary to law, and I'm paraphrasing here, acted in excess of his jurisdiction, we, sitting in federal court, would have to delve into the substantive state law in order to grant injunctive relief, which is the ultimate remedy that you're asking for. So it's more than just using federal court as a procedural vehicle. We're going to have to grapple with the substantive state law, it seems to me, given these allegations and complaint. How am I wrong there? Right. I think that the allegations of substantive due process and rights are actually due process under the federal 14th Amendment and under Title IX. Acting in excess of jurisdiction, abuse of discretion, those are Section 1983 concepts. Not supported by the findings or not supported by the evidence, those are Title IX concepts. And so the injunction that would issue here is not going to be an injunction that says, you regents, if you retry this matter, you have to comply with state law. It's going to be you regents have to comply with federal due process and Title IX. Does federal due process require anything more than is required by state law? I don't believe so. And I think Tulare is instructive. In that case, it's not an 11th Amendment case. But in that case, the plaintiff brought a 1094.5 petition. And the defendant removed to federal court. And the question was, well, wait, do we have federal question jurisdiction over this claim? It's a 1094 claim. Isn't that state law? And the court looked through the 1094.5 process and looked at the pleadings and said, well, the plaintiff's argument here is that the defendant violated federal law. And that is the basis for overturning the administrative. But still, let me ask a little bit different question. Sure. In a 1094.5 proceeding, the defendant is the agency itself. Here would be the regents. But you can't sue the regents because of the 11th Amendment. Right? Penher says you can't bring a claim like that against the regents in federal court. You've got to go to state court. So how do you get around that? What Judge Wilson did is he interpreted the pleading to name the state officials who would be responsible for making the determination. Where did he do that? Which ruling? In the order that is being appealed from. I think it is a June 8th order. The June 8th, 2017 order? Correct. The one that's umpteen pages long? It's fairly long. Can you point me out where he says that? That in effect what he's substituting those individuals for you? I think it is on page 25. I happen to be right there. Okay. I don't have it before me right now, but I think that is the page. Well, the heading on page 25 is Motion to Dismiss Title IX Claim in Abstention under Younger. If you could give me his precise language, I'd appreciate it. But I don't see how you get around this fact that the agency itself is the proper defendant in 1094.5 because, you know, it's the agency that takes the action. You can't sue an individual, right? Like, you know, if you want to sue in the state, you know, you see the DMV took your license away and you want to bring a 1094.5, you can't sue the manager of the local DMV office or even the director. You've got to sue the agencies, right? I don't know if that's correct. I think you could interpret it as being applied against the state official. Can you sign me a case that says you can do something besides the agency? I don't have that, Your Honor. Can you show me where in his order Judge Wilson says you can substitute the individual for the agency? I think ER6? Yes. He says. But there isn't any authority for that, that I'm aware of. Right. And I think Henry Ayers, 123 U.S. 443, which is cited in Verizon Maryland, which was relied upon by both parties, Henry Ayers says, quote, whether a suit is within the prohibition of the 11th Amendment is not always determined by reference to the nominal parties on the record, end quote. And that's what Judge Wilson did is he looked through the caption that says, yes, this petition portion of the pleading is directed at the regents and interpreted it to be against the state officials who would actually carry out the relief sought. And I think he's permitted to do that at the pleading stage. Indeed, if later during discovery it comes out that a different official is the person that should be named, we could be given leave to amend to rename that person. How many rounds of amendment in this case already? Excuse me? How many rounds of amendment in this case already? We're on the second amended complaint and I think the fourth motion to dismiss. All right. We've taken you over your time, unless my colleagues have any questions. Thank you. Thank you. Briefly, Your Honors, first, the 1094.5 cases that counsel refers to in which Federal courts have exercised jurisdiction, there was no 11th Amendment argument in any of those cases, Your Honors. So the fact that they were state law claims was not relevant to whether the court had jurisdiction over them. And I think in most of those claims, the 1094.5 claims did subsume Federal issues within them. With respect to the question whether, with respect to the naming of individual officials, I just want to emphasize that the requirement that you name an individual official in a Section 1983 action is not just a formality. This Court's authority, Snook versus Brusa and other cases, indicate you have to name the right official, the person who has direct responsibility and so on and involvement for the issue at hand. And if it's not the right official, then that person is entitled to be dismissed. So it's not just some formality. So you can't just sort of say, well, it's an unidentified person. The case, I believe, that's cited in Verizon for the proposition that you don't necessarily determine whether a case is against the State merely from the pleading, that's because if you sue an official and seek damages from the official, the Court has to determine whether, or some other relief against officials, the Court has to determine whether the case is actually against the State and therefore is barred by the Eleventh Amendment. Not the other way around, that if you name the State, you decide that it's actually against some individual official. There's no authority for that, Your Honor. The District Court did specifically say that they should file a repetition, quote, as to plaintiff's State claims. That was the point of filing the repetition, not to file a repetition in raising the federal claims again. With respect to the issue of whether the Utah construction issue, Your Honors, this Court in Kennealy v. Lundgren, and again in the Worley case that's cited in our brief, has held that 1094.5 provides a meaningful opportunity to present constitutional claims for independent judicial review in satisfaction of the Utah construction standard. So that argument is of no avail to them. With respect to whether we waived the exhaustion argument, we raised it in the first motion to dismiss. The judge granted that motion, dismissing the entire complaint without addressing the exhaustion argument. Therefore, we had nothing from which to appeal in that order. When he first determined that there was a viable claim of some sort, we filed a motion for reconsideration raising the exhaustion argument, in which order he rejected the exhaustion argument, and we have appealed from that order on the motion for reconsideration. With respect to the minority circuit court opinions on the ongoing judicial proceeding, Your Honor, those cases are of no persuasive value on this issue. The Secos case out of the Second Circuit was an underlying proceeding that was remedial, not coercive. And under the case law, that distinction is outcome determinative. If it's remedial, then it's not an ongoing proceeding, if you don't seek judicial review. You brought the case, but if it's coercive, it is, which is what the cases we cite. And, of course, this is a coercive situation. And the Fifth Circuit case, Thomas, Your Honor, was decided without the benefit of the Knopsey case, where the Supreme Court assumed that the proceeding would be ongoing. And it is also wrongly premised on the assumption that no exhaustion was required on the 1983 claim under Patsey, which is wrong. Exhaustion was required, and the result in Thomas would have been the other if they had gotten the exhaustion rule correct. And the Sixth Circuit decision simply follows the Fifth Circuit decision, which we submit is mistaken. And, lastly, Your Honors, with respect to the 1094.5 claim, whether it's a Federal or a State claim, Judge Winters, you're exactly right. There's no 1983 claim for insufficiency of the evidence or the other standards that are set out in 1094.5 and alleged in the complaint. And there's no insufficiency of the evidence standard in Title IX either. The claims in the complaint are clearly premised on State law bases to overturn the administrative decision. And those claims must be brought in State court. They may not, under any circumstances, be brought in Federal court against either the regions or individual State officials. So unless Your Honors have further questions, I'll submit. All right. Thank you very much on both sides for your arguments. That last matter is also submitted for decision by the Court. And we are adjourned for the week. Thank you.
judges: Tashima, Nguyen, Simon